IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| [1]  RODNEY ADAMS, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. CIV-20-1071-G |
| | ) | |
| [2]  AMERICAN AIRLINES, INC., | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW Plaintiff, Rodney Adams, and, for his claims against Defendant, American Airlines, Inc., shows to the Court as follows:

- **COMMON ALLEGATIONS –**
  - **Parties -**

1. Plaintiff Rodney Adams is a citizen and resident of Tulsa, Oklahoma.

2. Defendant American Airlines, Inc. (hereinafter "Defendant American") is a Delaware Corporation doing business in Oklahoma as a foreign corporation with a registered agent located in Oklahoma City, Oklahoma.

3. At all times relevant hereto, Defendant American was a common carrier in the business of transporting passengers for hire and owing its passengers the highest degree of care and caution within the practical operation of its business.

4. On September 23, 2019, Plaintiff was a fare-paying passenger on Flight #4009 traveling from Chicago O'Hare to Buffalo Niagara.

5. As the flight was nearing Buffalo, while the fasten seat belt sign was off, Plaintiff got out of his seat to use the lavatory.

6. While in the lavatory, the flight experienced extreme turbulence, causing Plaintiff to be jostled while unrestrained and sustain significant injuries.

7. Since diversity of citizenship exists between the parties, and the matter in controversy exceeds the sum of seventy-five thousand dollars ($75,000), this court has diversity jurisdiction under 28 U.S.C. 1332. Venue is proper in this district because Defendant has sufficient contacts and do regular business within this district and Defendant's registered agent is within this district.

## COUNT I
## NEGLIGENCE

8. Plaintiff adopts by reference and incorporates herein the allegations set forth in Paragraphs One (1) through Seven (7) as if set out in full at this point.

9. At all times relevant hereto, Defendant American owed a duty to exercise the highest degree of care and caution in the operation of the aircraft, so as not to injure passengers, including Plaintiff.

10. Notwithstanding said duty, Defendant American, by and through its duly authorized agents and/or employees, failed to exercise the highest degree of care and caution for the safety of their passengers, including Plaintiff, by committing one or more of the following acts and/or omissions:

   A. Failing to know about and/or warn the passengers of impending turbulence;

   B. Failing to properly monitor, assess and/or safeguard the weather conditions of the flight path;

   C. Failing to adequately train and supervise its employees.

11. As a direct and proximate result of Defendant American's acts or omissions, Plaintiff suffered a rupture of his right quadricep/hamstring tendon.

12. As a direct and proximate result of Defendant's acts or omissions, Plaintiff has sustained damages in excess of $75,000.00 on account of the injuries sustained, that are progressive and permanent injuries in nature, pain and suffering and likely ongoing problems in the future.

13. As a direct and proximate result of Defendant's conduct in failing to warn of impending turbulence, Plaintiff's activities have been limited and he has lost enjoyment of life, suffered physical pain, mental anguish, and will continue to suffer from the same in the future.

Respectfully submitted,

*(signature)*

Hugh M. Robert, OBA #22441
Grant A. Carpenter, OBA #32368
SHERWOOD, McCORMICK& ROBERT
Bank of America Center
15 W. 6th St., Ste. 2800
Tulsa, OK 74119
P:  (918) 592-1144
F:  (918) 576-6907
E:  hugh@sm-oklaw.com
    grant@sm-oklaw.com

*Attorneys for Plaintiff,* Rodney Adams